UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAURA MONTOYA,

    Plaintiff,

v.                                      Case No: 3:16-cv-92-MCR-EMT

DAVID MORGAN, individually and in his
official capacity as SHERIFF, ESCAMBIA
COUNTY, FLORIDA; ERIC HAINES;
RICKY SHELBY; FRED ALFORD;
ALLEN, NORTON & BLUE, P.A.; J. WES
GAY; and DEBRA D. LITTLE,

    Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on Defendants' Motion for Attorneys' Fees, Costs, and Expenses Under 28 U.S.C. § 1927 Against Plaintiff's Counsel (Doc. 54) filed on July 27, 2017. Defendants are requesting that they be awarded attorneys' fees, costs, and expenses under 28 U.S.C. § 1927 as sanctions against Plaintiff's counsel Elizabeth Peskin for certain alleged conduct in this case. On August 21, 2017, Plaintiff filed a Response to Defendants' Motion for Attorneys' Fees, Costs, and Expenses Under 28 U.S.C. § 1927 Against Plaintiff's Counsel (Doc. 57). For the reasons explained below, the undersigned respectfully recommends that Defendants' motion be **DENIED**.

    **I.**    **Factual Background**

For background, the undersigned reiterates the facts as set forth in the District Court's Order (Doc. 50) dated June 2, 2017. Plaintiff was employed by the Escambia County Sheriff's Office from October 1998 until her termination in August 2015. She rose in rank over the years,

and on March 29, 2013, was promoted to Colonel. In November 2014, Plaintiff was demoted to a Courthouse Security position. On February 13, 2015, Plaintiff was deposed as a non-party witness in a separate employment lawsuit brought by Anita Hemphill, also a Sheriff's Office employee, against Sheriff David Morgan. The deposition had been requested on the last day of discovery in the case of *Hemphill v. Morgan*, No. 3:14-cv-210/RV/EMT. Ms. Peskin, who was at the time employed by the Marie Mattox Law Firm, represented Ms. Hemphill and conducted the deposition of Plaintiff in that case.

Plaintiff arrived at the deposition with a manila folder, which contained documents that she believed would be useful to her at the deposition. No subpoena duces tecum was served requesting the documents from Plaintiff. Plaintiff alleges that she was met at the deposition by "two attorneys representing defendant Sheriff," defendant Debra D. Little, assistant general counsel to the Sheriff, and defendant J. Wes Gay, outside counsel from the law firm Allen, Norton, & Blue, PA ("ANB"). At the deposition, Ms. Peskin requested to see the contents of the manila folder. Plaintiff left the room with Mr. Gay and Ms. Little and allowed them to review the contents of the folder. Plaintiff then returned to the room and gave Ms. Peskin the documents. One of the documents in the folder was a copy of the Sheriff's draft EEOC Position Statement in the *Hemphill* case. Plaintiff has alleged that Chief Deputy Eric Haines emailed her the Sheriff's draft Position Statement on November 22, 2013, and instructed her to delete the email after reviewing the Position Statement. She has also alleged that, at that time, she believed deleting the email was illegal, but nonetheless deleted it per Chief Deputy Haines's instructions but retained a printed copy for her records.

On April 15, 2015, Plaintiff was informed that she was subject to an internal affairs investigation for violating the direct order from Chief Deputy Haines and wrongfully disseminating information. Specifically, the bases for the investigation were failing to delete the

draft Position Statement and handing over the documents to Ms. Peskin during the deposition. Plaintiff also alleges that during the investigation Mr. Gay and Ms. Little made statements "adverse" to Plaintiff. Although senior staff in internal affairs recommended a twenty hour suspension, Plaintiff was terminated on August 14, 2015.

## II. Procedural Background

Plaintiff commenced this lawsuit on April 3, 2016. She amended her complaint once before the answer was filed on April 13, 2016. On August 9, 2016, she filed a Motion for Leave to File a Second Amended Complaint (Doc. 18), to add a Professional Negligence claim against Mr. Gay, Ms. Little, and ANB, who were previously not named as defendants. The motion was timely opposed by Defendants, who subsequently filed supplemental exhibits late without leave of the Court. Plaintiff filed a Motion to Strike the supplemental exhibits, as well as a Motion for Sanctions against Defendants. In response to the Motion to Strike, Defendants sought sanctions against Plaintiff's counsel. Plaintiff withdrew her motion for sanctions on October 25, 2016. On October 28, 2016, the Court granted Plaintiff's motion for leave to file second amended complaint and ruled that the second amended complaint was constructively filed as of August 5, 2016. (Doc. 43 p. 1).

On November 18, 2016, Defendants filed a partial motion to dismiss Plaintiff's second amended complaint, specifically, the Professional Negligence claim against Mr. Gay, Ms. Little, and ANB. On June 2, 2017, the Court entered an Order (Doc. 50) granting Defendants' partial motion to dismiss. In an in-depth analysis, the District Court dismissed Plaintiff's legal malpractice claim on the basis that Plaintiff failed to allege "facts showing she 'plainly' manifested an intent to form an attorney-client relationship with the Defendants . . ." (Doc. 50 p. 9). Noting that a violation of the Rules Regulating the Florida Bar is not a basis for civil liability, the District

Court rejected Plaintiff's argument that she had sufficiently alleged the employment elements of a legal malpractice claim because Defendants failed to clarify their roles as attorneys for the Sheriff's Department as required by the Rules. (Doc. 50 p. 10-11).

Defendants subsequently filed the instant motion for attorneys' fees, costs, and expenses seeking costs, expenses and attorneys' fees pursuant to 28 U.S.C. § 1927.

### III.     Analysis

Title 28 U.S.C. § 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Because the provisions of § 1927 are "penal in nature [they] must be strictly construed." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010) (citations and internal quotation marks omitted). Under the plain language of the statute three factors must be present in order to justify an imposition of sanctions: (1) an attorney must engage in "unreasonable and vexatious" conduct; (2) such "unreasonable and vexatious" conduct must "multipl[y] the proceedings"; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. *Id.*

Defendants argue that they are entitled to attorneys' fees, costs, and expenses pursuant to 28 U.S.C. § 1927 because Ms. Peskin acted recklessly by raising a legal malpractice claim that was not supported by the facts and by misrepresenting or omitting material facts to the Court because those facts disproved the legal malpractice claim. Specifically, Defendants contend that Ms. Peskin acted improperly by: (1) filing a frivolous legal malpractice claim in the second amended complaint which unreasonably multiplied proceedings, wasted the Court's resources, and caused Defendants costs; (2) misleading the Court in an attempt to show good cause for adding the legal malpractice claim after the deadline to amend the pleadings; (3) filing an unreasonable

motion for sanctions accusing Defendants of making false statements and acting in bad faith; and (4) filing an unnecessary motion to compel. (Doc. 54 p. 4-5). The Court will address each instance in turn.

### a) Whether Ms. Peskin acted improperly by filing a frivolous legal malpractice claim which unreasonably multiplied the proceedings, wasted the Court's resources, and caused Defendant costs.

Defendants argue that there was no legal or factual basis to support a claim of legal malpractice and that Ms. Peskin's conduct in filing the frivolous claim went beyond negligence and was either intentional or reckless. (Doc. 54 p. 7-8). Defendants note that Ms. Peskin cited to no case law supporting her inclusion of the legal malpractice claim in her reply to Defendants' motion to dismiss. Further, Defendants allege that Ms. Peskin knew, at the time she filed the second amended complaint, that Plaintiff had contacted two attorneys, James Garrity and Kim Skievaski, prior to the February 13, 2015 deposition in the *Hemphill* case. Finally, Defendants contend that Plaintiff admitted in a July 31, 2015, letter to Sheriff Morgan that Mr. Gay and Ms. Little were attorneys for the Sheriff's Office and that they did not give her any legal advice regarding her February 13, 2015 deposition.

In response, Plaintiff contends that the legal malpractice claim was made in good faith as given Plaintiff's interactions with Ms. Little and Mr. Gay. Plaintiff notes that prior to the February 13, 2015 deposition, Plaintiff was contacted by Ms. Little and told that she "had to speak to Wes Gay." (Doc. 57 p. 3; Doc. 57-1 p. 1). Plaintiff contends that her "behavior at the deposition corroborated her belief and intent that an attorney-client relationship existed." (Doc. 57 p. 4). Further, Plaintiff argues that although Ms. Peskin knew Plaintiff had consulted with Mr. Garrity and Ms. Skievaski that alone does not demonstrate that Ms. Peskin acted in bad faith because Plaintiff's encounters with these attorneys were brief, neither attorney represented Plaintiff at the

deposition, and the encounters "do not affect the existence or non-existence of an attorney-client relationship between Plaintiff and Wes Gay or Debra Little." (Doc. 57 p. 5).

An attorney multiplies the proceedings unreasonably and vexatiously only when his conduct is "so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (citation omitted). Whether an attorney acted in bad faith turns "not on the attorney's subjective intent, but on the attorney's objective conduct." *Id.* More particularly, "[t]he term 'unreasonably' necessarily connotes that the district court must compare the attorney's conduct against the conduct of a 'reasonable' attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The term 'vexatiously' similarly requires an evaluation of the attorney's objective conduct." *Id.* at 1239–40; *see also Amlong*, 500 F.3d at 1240 (*citing* Black's Law Dictionary, (8th ed. 2004), for definition of "vexatious" (meaning "without reasonable or probable cause or excuse; harassing; annoying")).

Negligent conduct, standing alone, will not support a finding of bad faith. *Id.* at 1241–42. Instead, an "attorney must knowingly or recklessly pursue a frivolous claim ...." *Id.* at 1242. Recklessness is "a gross deviation from conduct that might be reasonable in the circumstances." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1227 (11th Cir. 2003). If an attorney's conduct is objectively reckless, it is enough to warrant sanctions even if the attorney did not act malevolently or knowingly. *Amlong*, 500 F.3d at 1241. "Although the attorney's objective conduct is the focus of the analysis, the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be 'unreasonabl[e] and vexatious[ ]' if it is done with a malicious purpose or intent." *Id.* It is within the sound discretion of the court whether to impose sanctions pursuant to 28 U.S.C. § 1927. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1390 (11th Cir.1997).

In this case, Defendants have failed to show that Ms. Peskin's conduct in filing the legal malpractice claim was made in bad faith. While the claim was dismissed for failing to properly plead the existence of an employment relationship between Plaintiff and Mr. Gay and Ms. Little, the Court cannot find that Ms. Peskin's conduct was reckless or done with malicious purpose or intent. The inclusion of the legal malpractice claim, while arguably frivolous, was not a "gross deviation" from the conduct that might be reasonable in the circumstances, especially given the facts of this case wherein Plaintiff communicated with Mr. Gay and Ms. Little before and during the February 13, 2015 deposition. The undersigned finds that while Ms. Peskin's inclusion of the legal malpractice claim was a poor litigation judgment, it was not vexatious under the high standard of 28 U.S.C. § 1927. *See Smith v. Psychiatric Solutions, Inc.*, 864 F.Supp.2d 1241, 1274 (N.D. Fla. 2012).

Further, the Court rejects Defendants' argument that Plaintiff's filing of the second amended complaint unreasonably multiplied the proceedings. Defendants note that Plaintiff failed to properly secure leave to file her second amended complaint as required by the Court's Final Scheduling Order (Doc. 14), which prompted an Order of Deficiency from the Court. When Plaintiff's motion for leave to file a second amended complaint was filed, it failed to address the appropriate standard, which prompted the Court to file a second Order. (Doc. 54 p. 15). Despite these deficiencies, however, the Court granted Plaintiff's motion for leave to amend and determined that the second amended complaint was constructively filed as of August 5, 2016, i.e., Plaintiff's deadline to amend the pleadings. Plaintiff's filings, although inelegant, were not vexatious as contemplated by 28 U.S.C. § 1927.

According to Defendants, Plaintiff's filing of the second amended complaint triggered extensive motion practice and led to an eight-month delay in the case. The Court finds that both

of these claims are incorrect. First, Plaintiff's filing did not cause an eight-month delay in the case. The District Court noted in its Order dated June 2, 2017, that the delay in the case was caused by a docketing error in which Defendants' motion to dismiss the legal malpractice claim did not appear as a motion. When the error was brought to the District Court's attention, an order was entered.

Second, Plaintiff's filing of the second amended complaint does not appear to have caused extensive motion practice. Plaintiff moved to amend her complaint and Defendants opposed the motion. After the motion to amend was granted and Plaintiff filed the second amended complaint, Defendants filed a motion to dismiss. While Plaintiff's legal malpractice claim was dismissed, it does not follow that the proceedings were unduly multiplied. In essence, to hold otherwise would entail a finding that sanctions are warranted in any case in which a plaintiff fails to prevail on a motion to dismiss.

For these reasons, the Court finds that Defendants have failed to demonstrate that Ms. Peskin acted in bad faith, delayed the case, or impermissibly multiplied the proceedings.

**b) Whether Ms. Peskin acted improperly by misleading the Court in an attempt to show good cause for adding the legal malpractice claim after the deadline to amend the pleadings.**

Defendants argue that Plaintiff misled the Court in an attempt to justify her delay in filing her first motion for leave to file the second amended complaint. According to Defendants, Plaintiff's statement that "during the course of discovery in this action, Plaintiff, through undersigned counsel, became aware [of the alleged conflicts]" was not an accurate statement because neither party had propounded answers to interrogatories, produced documents, or deposed any party or non-party witness when Ms. Peskin filed the second amended complaint on August 5, 2016. In response, Plaintiff argues that her statement was accurate and that discovery is not as

narrowly defined as Defendants contends.

Here, the Court finds that Ms. Peskin's statement, while not exactly clear, was not a deliberate attempt to mislead the Court. Ms. Peskin did not allege that she had uncovered new facts during discovery, but only that she "became aware" of the alleged conflicts during the course of discovery. While the term discovery does have a specific definition of actions taken during litigation, discovery is also a part of case preparation. As noted above, the provisions of 28 U.S.C. § 1927 must be strictly construed. *Norelus*, 628 F.3d at 1281. Strictly construing 28 U.S.C. § 1927, the Court finds that sanctions would be inappropriate.

### c) Whether Ms. Peskin acted improperly by filing an unreasonable motion for sanctions accusing Defendants of making false statements and acting in bad faith.

Defendants argue that Ms. Peskin unnecessarily multiplied the proceedings by filing an unreasonable motion for sanctions. (Doc. 54 p. 16). The Court rejects this argument. While the District Court addressed the motion for sanctions in its Order dated June 2, 2017, the record shows that Plaintiff had voluntarily withdrawn the motion for sanctions on October 25, 2016. (Doc. 40). As Plaintiff withdrew the motion for sanctions voluntarily within ten days of originally filing it, the Court finds that sanctions would be inappropriate.

### d) Whether Ms. Peskin acted improperly by filing an unnecessary motion to compel.

Defendants argue that sanctions are warranted because Plaintiff unnecessarily filed a motion to compel production on October 13, 2016. Defendants contend that they had not objected to Plaintiff's request to produce documents, but had advised Ms. Peskin multiple times that they were working diligently to respond to Plaintiff's voluminous requests. Defendants note that over 8,000 documents were produced to Plaintiff on October 28, 2016, but despite this fact, Plaintiff did not withdraw the motion to compel and the Court was later forced to deny Plaintiff's motion by an Order dated November 1, 2016. (Doc. 44).

Plaintiff responds that the motion to compel was only filed after the deadline for Defendants to respond to Plaintiff's request for production had passed, Defendants did not request any further extension, and Defendants' counsel did not respond to four emails Ms. Peskin had sent to Defendants' counsel requesting his position on the motion to compel. Given these facts, the Court finds that Ms. Peskin did not act in a way warranting sanctions.

IV. **Conclusion**

Defendants have failed to convince the undersigned that sanctions are warranted pursuant to the high standard of 28 U.S.C. § 1927. Accordingly,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

Defendants' Motion for Attorneys' Fees, Costs, and Expenses Under 28 U.S.C. § 1927 Against Plaintiff's Counsel (Doc. 54) be **DENIED**.

**Respectfully recommended** in Chambers at Fort Myers, Florida on November 13, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02

Copies furnished to:

Counsel of Record
Unrepresented Parties